## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**DAVID PADILLA,**

     **Plaintiff,**

**v.**                                             **Case No: 5:20-cv-259-Oc-30PRL**

**GEOVERA SPECIALTY INSURANCE COMPANY,**

     **Defendant.**

_____

### ORDER

In this breach of insurance contract dispute, Defendant GeoVera Specialty Insurance Company has moved to compel the production of a more specific Rule 26(1)(A)(iii) computation of damages and seeks sanctions against the plaintiff for having to file the motion. (Doc. 11).

Although counsel for the defendant represented that she conferred with counsel for the plaintiff in a good-faith effort to resolve the issues raised, counsel for the plaintiff represents that the only communication received was a single email. (Doc. 12-2). While the court is well aware that email is a customary way of communicating, courts have interpreted "communicate" to mean "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n.1 (M.D. Fla. Aug. 14, 2000). This is noted because it seems that better communication might eliminate or narrow the discovery issues in this case. A few telephone calls may have more quickly revealed the exact issues the defendant had with the plaintiff's disclosures, and the plaintiff's counsel could have clarified which proof of loss was the correct one, and any other issues that the defendant may have.

Under Fed. R. Civ. P. Rule 26(a)(1)(A)(iii), a party must provide to the other party a computation of each category of damages claimed and documents or other evidentiary material on which each computation is based. "A defendant is entitled to a specific computation of plaintiff's damages, including amounts for both general and specific damages." *Wolf v. McCulley Marine Servs., Inc.,* No. 8:10-CV-2725-T-30TGW, 2012 WL 4903328, at *1 (M.D. Fla. Oct. 16, 2012) (internal quotation marks omitted).

Defendant asserts that instead of disclosing the proper computation of damages required under the rule, the plaintiff referenced "an undefined proof of loss for potential damages, forcing GeoVera and its counsel to speculate what damages Plaintiff is actually seeking by and through this lawsuit." (Doc. 11). Plaintiff served the defendant with his initial disclosures on August 19, 2020. (Doc. 11-1). Plaintiff referred the defendant to the "claim correspondence, sworn proof of loss, Cypress Hill Services estimate, and insurance policy already in Defendant's possession" for the information in the disclosures. (Doc. 11-1). A review of these documents shows that they do in fact contain a specific computation of the damages claimed by the plaintiff. (*See* Doc. 12-1).

The amended sworn proof of loss contains the total loss and damage ($80,290.61) and the amount claimed under the insurance policy ($79,290.61). The documents include a breakdown of the total loss claimed, including debris removal (28-man hours as $25/hour for a total of $700), loss of use ($39,000), and a ten-page repair estimate from Cypress Hill Services (40,590.61). (Doc. 12-1). These documents include specific dollar amounts of the plaintiff's claimed damages, as well as the evidentiary material on which the computation is based.

Moreover, this does not appear to be a case where the plaintiff's answers require the defendant to calculate or guess the plaintiff's damages for him. *See Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 618CV1823ORL31LRH, 2019 WL 5294942, at *2 (M.D. Fla. Apr. 15,

2019). Rather, the documents contain a breakdown of the total loss claimed, including a detailed repair estimate for the claimed damages. If the parties have any other issues regarding these disclosures, counsel are encouraged to confer either in person or via telephone in an attempt to resolve them.

Accordingly, Defendant's motion to compel and for sanctions is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on September 30, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties